**SO ORDERED.**

**SIGNED December 21, 2005.**

_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
            UNITED STATES BANKRUPTCY COURT
            WESTERN DISTRICT OF LOUISIANA
              LAFAYETTE-OPELOUSAS DIVISION

IN RE:

SOLA COMMUNICATIONS, L.L.C.,                   CASE NO. 05-52696

     Debtor                                    CHAPTER 11
-----------------------------------------------------------------
SOLA COMMUNICATIONS, L.L.C.,
     Plaintiff

VERSUS                                         ADV. PRO. 05-5081

DEFENSE DYNAMICS, L.L.C., GENERIS
TECHNOLOGIES, INC., RICHARD A.
CHARGOIS, LARRY GRAFFEO, NICK
LAU, SIMPSON CHAU, GORDON D. RICE,
NESTOR "TIGER" GUILLORY, and
JOHN C. ANDERSON,
     Defendants
-----------------------------------------------------------------
                    REASONS FOR DECISION
-----------------------------------------------------------------
```

An order for relief under Chapter 11 of the Bankruptcy Code[1] was entered herein on October 3, 2005, pursuant to an involuntary

---

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section ___."

petition[2] for relief filed against SOLA Communications, L.L.C. ("Debtor"). The Debtor remains in possession of its property as a debtor in possession as no chapter 11 trustee has been appointed.

The Debtor filed the instant **COMPLAINT FOR MANDATORY AND PROHIBITIVE INJUNCTIVE RELIEF, AND FOR DAMAGES** ("Complaint") seeking injunctive relief and damages against multiple defendants. A hearing was held on December 19, 2005, with respect to the request for a preliminary injunction. Prior to the scheduled hearing, consensual judgments were entered with respect to all defendants other than Gordon D. Rice. After hearing from counsel, the matter was taken under advisement.

**FACTUAL BACKGROUND**

After considerable exchange with the court, counsel agreed in principle that a single discrete issue was presented, namely, whether Mr. Rice and his counsel must turn over computer disks copied from the Debtor's information system. The basic facts necessary for the court to decide this issue are not in dispute.

The Debtor is a Louisiana limited liability company which sells and provides telecommunications services, safety and control systems, and engineering, contracting and network management

---

[2]The involuntary petition was filed September 30, 2005 ("Petition Date").

2

services. All membership interests in the Debtor are held by EAC, L.L.C. Mr. Rice is the holder of a majority membership interest in EAC.

Until some time in November 2005, the exact day being in some dispute, Mr. Rice served as Managing Member and Chief Operating Officer ("COO") of the Debtor. Some months before the Petition Date, Lyndon James had been brought on board as Chief Financial Officer to assist the Debtor as a work-out specialist. Shortly before the Petition Date, Mr. James also assumed the duties of COO.

On or about October 20, 2005, at a time he still occupied the position of Managing Member and COO, Mr. Rice caused certain computer files to be copied onto disk(s). He provided a copy of the disk to his counsel, Brent D. Burley. The information copied consists principally, if not totally, of the e-mail files of five of the Debtor's employees, including that of Mr. James. The latter included e-mail to and from the Debtor's counsel, Louis M. Phillips and/or Brandon A. Brown.

**LAW and DISCUSSION**

As stated hereinabove, the sole issue presented is whether Messrs. Rice and Burley should be ordered to surrender the disks containing the copied information to the Debtor. The Debtor contends that the disks contain corporate information that neither is entitled to retain since Mr. Rice is neither an officer nor

3

employee of the Debtor. Mr. Rice, on the other hand, argues that he is entitled to retain possession of the disks as he is still Managing Member, that he still retains a controlling interest in the Debtor through its parent EAC, and, more importantly, that the information contained on the disks is vital to his defense of this litigation as well as in support of his claims against Mr. James, Mr. Phillips and Mr. Brown.

Section 542 deals with turnover of property of the estate. Subparagraph (e) of section 542 provides:

> (e) Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

The court acknowledges that this section "was intended to prevent attorneys, accountants and others similarly protected by state law, from asserting a lien on the debtor's property to obtain repayment of their fees . . . ." 5 COLLIER ON BANKRUPTCY ¶542.06[1], p. 542-21 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev). The language of the statute, however, is broad enough to apply in the instant case as it clearly allows the court to order some "other person" to turn over information, including records.

4

Based upon the clear language of section 542(e), therefore, the Debtor appears entitled to an order requiring Mr. Rice and Mr. Burley to turn over the computer disks. They contend, however, that they are entitled to retain possession as the information contained therein may well be relevant and material to issues to be decided in the latter stages of this proceeding.

While this position may well entitle Mr. Rice and his counsel to this information at some later stage of the proceeding, the appropriate method of obtaining such is through discovery under the Federal Rules of Civil Procedure. They may not retain the disks at this time in the face of the explicit directive contained in section 542(e).

Counsel for the Debtor shall prepare and submit a proposed order in conformity with the foregoing reasons.

###

5

05-05081 - #47  File 12/21/05  Enter 12/22/05 09:08:02  Main Document  Pg 5 of 5